IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


JOHNNY DARRINGTON, AIS # 145167,:

    Plaintiff,                   :

vs.                        :   CIVIL ACTION 07-0209-WS-M

ROBERT KEAHEY, et al.,     :

    Defendants.          :


REPORT AND RECOMMENDATION


    Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.  Complaint.  (Doc. 1)

    Plaintiff names as Defendants B.R. Keahey, District Attorney of Clarke County, Alabama, and Wylynn Gilmore, Plaintiff's criminal defense counsel. The allegations against Defendants stem from the criminal proceedings that resulted in Plaintiff's conviction for sexual abuse on January 29, 1997, for which he is presently serving a twenty-year imprisonment sentence. In this action Plaintiff requests the Court to "vacate illegal imprisonment and set me free [and] declaratory judgement and

injuncti[ve] relief."  (Doc. 1 at 6).

Plaintiff claims, in his brief Complaint with its deficit of factual allegations, that he has been illegally imprisoned from January 29, 1997, when Defendant Gilmore failed to protect him in the Circuit Court of Clarke County in the presence of Defendant Keahey.  (*Id.* at 3).  Plaintiff maintains that Defendant Gilmore and Defendant Keahy "forced and coerced [him] in taking this illegal imprisonment of 20 years."  (*Id.*).  Defendant Gilmore allegedly rendered ineffective assistance counsel when she "threaten force coerced [Plaintiff] to take and sign a paper [he] did not know what it was cause [he] cant read or write and she did not advise [him as to] what it was [he] was signing."  (*Id.* at 4).[1]  Defendant Keahey had "[n]o statement of victim I touch

---

[1]The Court notes that Plaintiff was incarcerated under the same AIS number, #145167, prior to his present incarceration. During his prior incarceration, he filed *Darrington v. Sheffield,* CA 94-0329-MHT-JLC (M.D. Ala. Apr. 13, 1994), which was transferred from the Middle District of Alabama to this Court where it became CA 94-0312-RV-C (S.D. Ala. June 2, 1995).  This action was dismissed for failure to prosecute.

During his present incarceration, he has filed two other actions in addition to this present action, *Darrington v. Riley, et al.,* CA 04-0037-BH-B (S.D. Ala. Aug. 23, 2004) (action was dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim), and  *Darrington v. Anderson, et al.,* CA 04-0897-WHA-SRW (M.D. Ala. June 19, 2006) (summary judgment granted for defendants).  An examination of some of the handwriting in these two recent actions indicates that it is similar to Plaintiff's signature.  It is also apparent that in these action that he had assistance, possibly from other inmates.

This examination of Plaintiff's case filings also revealed that Plaintiff has never filed a habeas petition under 28 U.S.C. §  2254.  And Westlaw reflects no published opinions in Plaintiff's state court cases.

her of raped her no DNA forenic evidence lab reports: no motion

by DA Robert Keahey et al. For discovery of rape etc. under

Ala.R.Crim.P. 16 statutes."  (*Id.* at 6).

In the attachments to the Complaint, Plaintiff identifies

with more specificity each constitutional amendment that he

claims is violated.  (*Id.* at 11).  The remainder of the

allegations are similar to the allegations contained in the

complaint form except that he uses the term "malicious

prosecution," states that he did not give a statement when he was

arrested, and alleges that Defendants Gilmore and Keahey

"conspired together to deprived the Plaintiff outta his life,

liberty, for 20 years in ADOC illegal." (*Id.*).  An affidavit is

attached as well, in which Plaintiff swears before a notary

public that "[h]e never touch nobody in a sexual way" and "never

raped nobody ever in [his] life."  (*Id.* at 8).

II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis* and was in

prison when he filed this action, the Court is reviewing

Plaintiff's amended complaint (Doc. 36) under 28 U.S.C. §

1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(i), a claim may be

---

[2]The predecessor to this section is 28 U.S.C. § 1915(d).  Even
though Congress made many substantive changes to § 1915(d) when it
enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to
state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319,
109 S.Ct. 1827 (1989), was unaltered.  *Bilal v. Driver*, 251 F.3d 1346,
1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001); *Brown v.
Bargery,* 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal

dismissed as "frivolous where it lacks an arguable basis in law

or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct.

1827, 1831-32 (1989).  A claim is frivolous as a matter of law

where, *inter alia*, the defendants are immune from suit or the

claim seeks to enforce a right that clearly does not exist.  *Id.*

at 327, 109 S.Ct. at 1833.  Judges are accorded "not only the

authority to dismiss [as frivolous] a claim based on indisputably

meritless legal theory, but also the unusual power to pierce the

veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless."  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. §

1915(e)(2)(B)(ii) for failure to state a claim upon which relief

may be granted "only if it is clear that no relief could be

granted under any set of facts that could be proved consistent

with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69,

73, 104 S.Ct. 2229, 2232 (1984) (citation omitted)*; see Mitchell

v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that §

1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P.

12(b)(6))).  To avoid dismissal for failure to state a claim upon

which relief can be granted, the allegations must show

plausibility.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,

1966 (2007).  "Factual allegations must be enough to raise a

right to relief above the speculative level[.]"  *Id*. at 1965.

---

under § 1915(e)(2)(B) is now mandatory.  *Bilal,* 251 F.3d at 1348-49.

That is, the allegations must be a "'plain statement'
possess[ing] enough heft to 'sho[w] that the pleader is entitled
to relief.'"  *Id.* at 1966 (second brackets in original).
"[L]abels and conclusions and a formulaic recitation of a cause
of action's elements" are insufficient for grounds for
entitlement to relief.  *Id.* at 1965.  However, when a successful
affirmative defense, such as a statute of limitations, appears on
the face of a complaint, dismissal for failure to state a claim
is also warranted.  *Jones v. Bock*, 549 U.S. 199, ___, 127 S.Ct.
910, 920-21 (2007).

III.  Discussion.

    A. Plaintiff's Request for Relief.

    Plaintiff's request for relief governs the disposition of
this action.  Plaintiff wants his conviction vacated so he can be
free, and he also requests declaratory and injunctive relief.
This general assertion of declaratory and injunctive relief is
based on Plaintiff's challenges to his conviction.  Inasmuch as
there is no other basis for the declaratory and injunctive relief
claims in this action, the Court is treating Plaintiff's requests
together as requests for declaratory and injunctive relief to
have his conviction vacated and to be released.  The Court cannot
discern any greater declaratory or injunctive relief based on
Plaintiff's claims or any other relief that would be satisfactory
to Plaintiff and that can be awarded by the Court.

In a § 1983 action, "declaratory or injunctive relief claims which are in the nature of habeas corpus claims-i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release-are simply not cognizable under § 1983." *Abella v. Rubino.* 63 F.3d 1063, 1066 (11th Cir. 1995). "'[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.'" *Id.* (quoting *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994)). Because Plaintiff cannot obtain the relief that he seeks in a § 1983 action, his action is frivolous as a matter of law. As a consequence, his action is due to be dismissed for this reason alone.

B.   Conspiracy Allegation.

However, assuming *arguendo* that Plaintiff had requested damages in addition to his declaratory and injunctive relief requests, his damages claims would also be without merit. Plaintiff asserts that Defendant Gilmore and Defendant Keahey "conspired" to have Plaintiff plead guilty. (*Id.* at 11). The word "conspired" is used only once in the Complaint, and no particulars are offered with it to show how a conspiracy was planned or executed. Reviewing the Complaint to determine if a conspiracy existed, the Court finds that the only allegation that involves both Defendants is "[t]he plaintiff was made and forced,

threatened, coerced to take 20 years in ADOC by Lawyer Gilmore,

and D.S. Robert Keahey 1/29/97." (*Id.* at 12).  This allegation

was reiterated several times in the Complaint without further

development and without further mentioning of a conspiracy.  (*See*

*Id.* at 3, 8, 12).  This conspiracy allegation, without more

information, does not show that something beyond negotiations for

a plea agreement took place.  Furthermore, no other facts can be

gleaned from the Complaint that tend to support a conspiracy.

In order to state a § 1983 conspiracy claim, "a plaintiff

'must show that the parties 'reached an understanding' to deny

the plaintiff his or her rights [and] prove an actionable wrong

to support the conspiracy.'"  *Bailey v. Board of County Comm'rs*

*of Alachua County,* 956 F.2d 1112, 1122 (11th Cir.) (quotation

omitted), *cert. denied,* 506 U.S. 832 (1992).  It is not necessary

to produce a "smoking gun" to show an "understanding" or "willful

participation," but there must be some evidence of an agreement

between defendants to show a conspiracy.  *Rowe v. Fort*

*Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002).  *Id.*  "[T]he

linchpin for conspiracy is agreement, which presupposes

communication."  *Bailey,* 956 F.2d at 1122.  While on the other

hand, an assertion of a conspiracy that is vague and conclusory

fails to state a claim upon which relief can be granted.  *Fullman*

*v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984).

Plaintiff is required to show "more than labels and

conclusions, and a formulaic recitation of the elements of a

cause of action[.]"  *See Williams v. St. Vincent Hosp.,* 258

Fed.Appx. 293, 294 (11th Cir. Dec. 10, 2007) (unpublished).

However, no allegations show that an understanding was reached

between Defendants or that one detailed prevailing plan existed.

After review of the conspiracy allegation, and observing a lack

of factual support, the assertion of a conspiracy appears only to

be vague and conclusory and does not rise above the speculative

level.  *See Williams v. St. Vincent Hosp.,* 258 Fed.Appx. 293, 294

(11th Cir. Dec. 10, 2007)(unpublished)(affirming the dismissal by

the district court of "the conclusory and general allegations of

a conspiracy" because they did not satisfy the elements of a §

1983 cause of action and they did not "raise a right to relief

above the speculative level.") (quoting *Twombly,* 127 S.Ct. at

1964-65); *see also Harvey v. Harvey,* 949 F.2d 1127, 1133 (11th

Cir. 1992) (ruling that stringing together the discreet steps in

the commitment process without alleging contacts that would prove

an understanding was reached did not state a conspiracy claim).

Accordingly, the Court would find that Plaintiff has failed to

state a conspiracy claim upon which relief can be granted.

Therefore, the conspiracy claim is due to be dismissed.

     C.   Claims Against District Attorney Keahey.

     The analysis of the other damages claims would cause the

Court to examine the specific allegations directed to each

Defendant. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir.
1986) (in a § 1983 action a plaintiff must establish a causal
connection between a defendant's actions, orders, customs, or
policies and a deprivation of the plaintiff's constitutional
rights in order to state a claim upon which relief may be
granted).

Plaintiff's claims against Defendant Keahey are very brief.
Plaintiff claims that Defendant Keahey "forced and coerced [him]
in taking this illegal imprisonment of 20 years" and Defendant
Keahey offered "[n]o statement of victim I touch her of raped her
no DNA forenic evidence lab reports: no motion by DA Robert
Keahey et al. For discovery of rape etc. under Ala.R.Crim.P. 16
statutes."  (Doc. 1 at 2-3).

Plaintiff's statements of "forced" and "coerced" are vague
and conclusory, and his statements of illegal imprisonment and
malicious prosecution are legal conclusions that a court would
draw from the facts.  *Fullman,* 739 F.2d at 556-57 (finding that
vague and conclusory claims are subject to dismissal); *cf. GJR
Investments, Inc. v. County of Escambia, Fla.,* 132 F.3d 1359,
1368 (11th Cir. 1998) (finding even though the courts give
leniency to *pro se* litigants, the courts will not act as a
plaintiff's *de facto* attorney or rewrite a deficient complaint).
The use of these terms along with Plaintiff's other disordered
allegations would result in the failure to state a claim against

9

Defendant Keahey.  Accordingly, these claims against Defendant
Keahey would be dismissed.

However, if it was determined that Plaintiff had stated a
claim against Defendant Keahey, an alternate basis for the
dismissal of the damages claims against Defendant Keahey is
prosecutorial immunity.  A prosecutor is entitled to absolute
prosecutorial immunity from damages in a § 1983 action for acts
or omissions associated with the judicial process, in particular,
those taken in initiating a prosecution and in presenting the
government's case.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96
S.Ct. 984, 995 (1976); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th
Cir. 1985); *Fullman*, 739 F.2d at 558-59.

The Supreme Court looks to common law and the functions
being performed in order to determine if the prosecutor is to be
accorded absolute immunity for his actions.  *Malley v. Briggs*,
475 U.S. 335, 342, 106 S.Ct. 1092, 1096-97 (1986).  The act of
negotiating a plea bargain and of determining what information or
evidence needs to be obtained through discovery or to be
submitted into evidence are generally associated with judicial
proceedings, i.e., they are steps taken in preparing the case for
trial or presenting the case at trial.  A prosecutor is therefore
protected with absolute immunity in order not to "impair the
performance of a central actor in the judicial process."  *Id.* at
343, 106 S.Ct. at 1097.  Accordingly, for the acts taken in

preparing the State's case and in presenting it, Defendant Keahey
would be entitled to absolute immunity from damages, and the
damages claims would be dismissed as frivolous.  *Imbler*, 424 U.S.
at 430-31, 96 S.Ct. at 995.

D.    Claims Against Criminal Defense Counsel Wylynn Gilmore.

An alternate basis for the dismissal of Defendant Gilmore is
lack of state action.  Plaintiff alleges that Defendant Gilmore
rendered ineffective assistance of counsel when she forced,
threatened, and coerced Plaintiff to sign a paper of which he did
not know the meaning and which she did not explain to Plaintiff
who cannot read or write.  (Doc. 1 at 4This caused allegedly
Plaintiff to receive a twenty-year sentence of imprisonment.
Plaintiff does not allege, however, that Defendant Gilmore acted
under color of state law however.

A necessary element in a § 1983 action is that the defendant
have acted under color of state law when the alleged
constitutional deprivation was committed.  *Parratt v. Taylor*, 451
U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), *overruled on other
grounds by Daniels v. Williams,* 474 U.S. 327 (1986).  In a § 1983
action, court-appointed, criminal defense counsel does not act
under color of state law in the absence of a conspiracy.  *Polk
County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981).
Only when a conspiracy exists between criminal defense counsel
and a state actor may criminal defense counsel be found to be

11

acting under color of state law.  *Tower v. Glover,* 467 U.S. 914,
920, 104 S.Ct. 2820, 2824 (1984).

In *Polk County*, *supra*, the Supreme Court reasoned that
"[e]xcept for the source of payment, [the] relationship [between
criminal defendant and defense counsel is] identical to that
existing between any other lawyer and client."  *Polk County*, 454
U.S. at 318, 102 S.Ct. at 449.  The *Polk County* Court concluded
that "[t]his [relationship] is essentially a private function,
traditionally filled by retained counsel, for which state office
and authority are not needed."  *Id.* at 319, 102 S.Ct. at 450
(footnote omitted).  The Court determined that court-appointed,
criminal defense counsel carried out the traditional functions of
a lawyer representing a criminal defendant and therefore did not
act under color of state law.  *Id.* at 325, 102 S.Ct. at 453.
Thus, the Court ruled that the § 1983 complaint must be dismissed
against criminal defense counsel for lack of state action.  *Id.*

Based on the Complaint's allegations and on the finding that
the conspiracy allegation fails to state a claim upon which
relief can be granted, Defendant Gilmore would be deemed not to
have been acting under color of state law.  Accordingly,
Plaintiff has failed to state a claim upon which relief may
granted against Defendant Gilmore.  And, after considering the
context of the claim, and that Plaintiff's conviction has not
been invalidated as indicated by his request for relief and his

12

responses to the complaint form's questions (Doc. 1 at 5-6), the

Court would dismiss such claim as frivolous.  Because the claims

are not ripe due to his conviction not having been invalidated,

the claims would be dismissed with prejudice.  *Abella*, 63 F.3d at

1065 (noting that the plaintiff "could bring his . . . damages

claims in the future should he meet the requirements of *Heck*").[3]

------------------------

[3]  Due to the manner in which Plaintiff pleaded his claims,
the Court concludes that it is not necessary to discuss the
decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364
(1994).  *See Abella,* 63 F.3d at 1065 n.3 (observing that
defendants who are entitled to absolute immunity from damages
should have that issue resolved before deciding the ripeness
issue under *Heck* in order for those defendants to avoid a future
action).  Because Plaintiff's claims are of the nature that a
favorable ruling on them would have the effect of invalidating
his conviction, i.e., his claims for ineffective assistance of
counsel, sufficiency of the evidence, and a guilty plea not
voluntarily, knowingly, and intelligently entered, the Court will
briefly inform Plaintiff of the holding in *Heck.*
    In *Heck*, a prisoner filed a § 1983 *damages* action against
the prosecutors and investigator in his criminal case for their
actions that resulted in his conviction.  The Supreme Court
analogized the plaintiff's claim to a common-law cause of action
for malicious prosecution, which had as a required element that
*the accused prove the termination of the prior criminal
proceeding for the accused*.  *Id.* at 484, 114 S.Ct. at 2371
(emphasis added).  The *Heck* Court opined:

> We hold that, in order to recover
> damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm
> caused by actions whose unlawfulness would
> render a conviction or sentence invalid,
> (footnote omitted), *a § 1983 plaintiff must
> prove that the conviction or sentence has
> been reversed on direct appeal, expunged by
> executive order, declared invalid by a state
> tribunal authorized to make such
> determination, or called into question by a
> federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254*.  A claim for

III.   Conclusion.

        Based upon the foregoing reasons, it is recommended that

this action be dismissed with prejudice as frivolous, prior to

service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.   Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk of
court.   Failure to do so will bar a *de novo* determination by the
district judge of anything in the recommendation and will bar an
attack, on appeal, of the factual findings of the magistrate
judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d
736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404
(5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging
the findings and recommendations of the magistrate judge is set

---

                damages bearing that relationship to a
                conviction or sentence that has *not* been so
                invalidated is not cognizable under § 1983.
                (Emphasis added).

*Id.* at 486-87, 114 S.Ct. at 2372-73.

        Thus, if the damages claims would have the effect of
invalidating Plaintiff's conviction if the Court were to rule
favorably on them, then Plaintiff would have to demonstrate that
his conviction has been *invalidated* in order to avoid dismissal
of his claims.   On the other hand, if Plaintiff's § 1983 damages
claims would not have the effect of invalidating his conviction
if the Court were to rule favorably on them, then his claims may
proceed in this action unless another bar exists to the claims
proceeding.   *Id.* at 487 n.7, 114 S.Ct. at 2373 n.7.
        The Court has examined the electronic dockets of the three
federal districts courts in Alabama and did not find an action
for habeas relief under 28 U.S.C. § 2254 filed by Plaintiff.   As
discussed earlier, the federal court can only release an inmate
in a habeas action or set aside his conviction or sentence.

out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 5th day of August, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

15